```
              IN THE UNITED STATES DISTRICT COURT
                           FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


DAMION DAVIS,                      :
                                   :
         Plaintiff                 :     CIVIL NO. 3:CV-15-143
                                   :
     v.                            :
                                   :     (Judge Conaboy)
                                   :
TODD A. HOOVER, ET AL.,            :
                                   :
         Defendants                :
```
_____

## MEMORANDUM
## Background

This is the third pro se civil rights action recently filed by Damion Davis, an inmate presently confined at the Dauphin County Prison, Harrisburg, Pennsylvania. The Plaintiff has also submitted a request for leave to proceed in forma pauperis. For the reasons set forth below, Davis' complaint will be dismissed without prejudice.

Named as Defendants are Judge Tood A. Hoover of the Dauphin County, Pennsylvania Court of Common Pleas and Dauphin County Probation Officer Randy Mumer. Plaintiff states that he drafted a pro se motion regarding a matter pending in the Dauphin County Court of Common Pleas on October 5, 2014 while previously confined in the Cumberland County, Pennsylvania. See Doc. 1, ¶ IV. Davis notes that at the time he prepared the motion he was uncertain as

1

to which attorney from the Public Defender's office was representing him.

According to a supplement (Doc. 2) accompanying the Complaint, the motion requested that a charge that Davis violated a condition of his Dauphin County probation he be modified or vacated.  Judge Hoover subsequently issued an order which provided that the pro se motion would not be addressed since Davis was represented by counsel.  See id.

Although the exact basis for Plaintiff's claims in this matter are not set forth, it will be presumed that Plaintiff is alleging that Judge Hoover acted improperly by refusing to entertain the pro se motion.  Second, although Probation Officer Mumer is listed as being a Defendant there are no allegations set forth regarding him in the Complaint.  Based upon a liberal construction of Plaintiff's submissions, it appears that Davis is alleging that Mumer improperly initiated or approved the probation violation charge.  As relief, Plaintiff indicates that he is seeking dismissal of the probation violation charge/sentence.  See Doc. 1, ¶ V.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130,

132 (3d Cir. 2008).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Injunctive/ Declaratory Relief**

The Complaint include factual assertions that Davis may be challenging the legality of a Dauphin County probation violation sentence.  As relief, Plaintiff indicates that he is perhaps seeking dismissal of a probation violation sentence.  See Doc. 1, ¶ V.  It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.  Preiser v. Rodriguez, 411 U.S. 475 (1975).  The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus.  See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action.  Id. at 646.  Pursuant to the standards announced in Georgevich and Edwards, any challenge by Davis to a Dauphin County probation violation sentence is not properly raised

3

in a civil rights complaint. Accordingly, any such claims will be dismissed without prejudice to any right Davis may have to pursue said allegations via a federal habeas corpus petition.

To the extent that Davis is challenging an ongoing Dauphin County probation violation proceeding, in Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992). The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id.[1]

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under 28 U.S.C. § 2254 was not intended "to argue state law issues pre-trial in a federal forum." Green v. Commonwealth of

---

1. Exceptions to Younger abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." Id.

4

Pennsylvania, 1993 WL 239311 *3 (E.D. Pa. June 28, 1993).

There are no assertions by Plaintiff which suggests that he and his defense counsel cannot litigate the merits of his present claims in his ongoing state probation violation proceedings. This civil rights action does not raise the type of extraordinary circumstances contemplated under Younger, thus, intervention by this Court in any ongoing probation violation proceedings in dauphin County is not warranted at this juncture.  Abstention is required in this case out of deference to the integrity of the state judicial process.

**Monetary Relief**

To the extent that Plaintiff is seeking an award of monetary damages, it is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties.  Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power).  This judicial immunity extends to the acts of district justices.  Horne v. Farrell, 560 F. Supp. 219 (M.D. Pa. 1983); Martin v. Bicking, 30 F. Supp.2d 511, 512 (E.D. Pa. 1998); Walker v. Zook, 2010 WL 3896193 *3 (M.D. Pa. Aug. 2, 2010).

Since the claim against Judge Hoover is solely premised upon an adverse ruling made by the Judge with respect to Plaintiff's pro se motion, Judge Hoover is entitled to absolute immunity with

5

respect to any claim for monetary relief.

Moreover, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Thus, any request by Plaintiff for monetary damages against Probation Officer Mumer with respect to the filing of a Dauphin County probation violation charge or sentence is premature because Davis cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment, his probation violation, is rendered invalid.

Assuming that Plaintiff's Dauphin County probation violation proceedings are ongoing, based on the nature of Davis' allegations, a finding in his favor would imply the invalidity and/or comprise the ongoing state probation violation proceedings. See Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005). Thus, any request by Davis for compensatory damages is premature under Heck and Gibson because

his present cause of action for monetary damages must be deferred until his underlying Dauphin County probation violation proceedings are rendered invalid.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman, 904 F.2d at 195 n. 3. An appropriate Order will enter.


                                    S/Richard P. Conaboy
                                    RICHARD P. CONABOY
                                    United States District Judge

DATED: JANUARY 28, 2015

7